**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000347
16-MAY-2025
08:03 AM
Dkt. 48 SO**

NO. CAAP-22-0000347


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


1 OAK VENTURES STEP FUND LLC, Plaintiff-Appellee, v.
BRETT CHRISTIANSEN, Defendant-Appellant,
ARGENT MORTGAGE COMPANY, LLC; U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE CMLTI ASSET-BACKED PASS-THROUGH CERTIFICATES,
SERIES 2007-AMC3; DEPARTMENT OF TAXATION-STATE OF HAWAIʻI;
UNITED STATES OF AMERICA-DEPARTMENT OF TREASURY-
INTERNAL REVENUE SERVICE, Defendants-Appellees,
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-000090)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Brett **Christiansen** appeals from

the Circuit Court of the Second Circuit's April 19, 2022

"Findings of Fact, Conclusions of Law and Order Granting

Plaintiff's Motion for Summary Judgment Against All Defendants

and for Interlocutory Decree of Foreclosure" (**Order**) and

April 19, 2022 Judgment.[1]

---

[1]  The Honorable Peter T. Cahill presided.

Christiansen challenges the circuit court's grant of summary judgment allowing Plaintiff-Appellee **1 Oak** Ventures Step Fund LLC to foreclose on a mortgage (**Mortgage**) made by original lender Argent Mortgage Company.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[2] Christiansen also challenges Finding of Fact (**FOF**) 13 and Conclusions of Law (**COL**) 4, 5, 7, 8, and 10:

> [FOF] 13. By reason of said default, Plaintiff is entitled to foreclose upon the Property in accordance with the terms and conditions provided in the Loan Documents.
>
> . . . .
>
> [COL] 4. Plaintiff is the holder of the Note and is entitled to enforce the Note. Plaintiff qualifies as the Note holder as it has possession of the Note, indorsed in blank, converting the Note to a bearer instrument.
>
> [COL] 5. Plaintiff is currently in rightful possession of the indorsed Note and has standing to prosecute the instant action.
>
> . . . .
>
> [COL] 7. An assignment of the Note itself operates as a matter of law as an assignment of the mortgage and of the mortgagee's powers under it. . . .
>
> [COL] 8. Plaintiff is entitled to enforce the Mortgage as the Mortgage follows the Note. . . .
>
> . . . .
>
> [COL] 10. Plaintiff is entitled to the entry of summary judgment and an interlocutory decree of foreclosure against all Defendants in the foreclosure action, on the grounds that no genuine issue of material fact exists, and Plaintiff is entitled to summary judgment and an interlocutory decree of foreclosure as a matter of law.

These challenges are premised on the arguments Christiansen advances below. Thus, for the reasons discussed below, FOF 13 was not clearly erroneous and the challenged COL were not wrong.

the issues raised and the arguments advanced, we resolve the points of error as discussed below and affirm.

**(1)** Christiansen contends the circuit court erred in granting summary judgment because 1 Oak failed to establish standing to foreclose as it had "not shown how and when it acquired the mortgage[.]"

Appellee 1 Oak did not dispute that it lacked a valid assignment of the Mortgage. Instead, it claimed standing to foreclose based on possession of the Note indorsed in blank.

When indorsed in blank, a note becomes payable to the bearer and may be negotiated by transfer of possession alone. Hawaiʻi Revised Statutes § 490:3-205(b) (2008). Appellee 1 Oak was not required to show a valid assignment of the Mortgage because once it established possession of the Note, the Mortgage automatically transferred with the debt it secured. See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371 n.17, 390 P.3d 1248, 1258 n.17 (2017) (recognizing "the security follows the debt," but "the debt does not automatically follow the security").

Appellee 1 Oak was not required to show when it acquired the Note because to have standing to foreclose, 1 Oak needed to establish possession of the Note at the time of filing of the complaint, which it did. See id. at 370-71, 390 P.3d at 1257-58 (explaining that foreclosing lender who established

3

possession of blank indorsed Note at time of moving for summary judgment but not at time of filing complaint was not entitled to summary judgment).  Sean M. **Lloyd** of FCI Lender Services, Inc. (**FCI**), servicer for 1 Oak, attested counsel had possession of the Note as of March 31, 2020, the date the complaint was filed, and its Bailee Letter showed that counsel's office received the original Note sent by FCI on January 7, 2020.  Appellee 1 Oak attached a copy of the Note and the Bailee Letter to its summary judgment motion.

Because 1 Oak established it had possession of the Note at the time the complaint was filed, it had standing to foreclose.

**(2)**  Christiansen also contends the circuit court erred in granting summary judgment because the Note and Mortgage were inadmissible evidence.

The original Note and Mortgage are self-authenticating documents and not hearsay.  See Hawaiʻi Rules of Evidence Rule 902(2), (9); U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 323, 489 P.3d 419, 427 (2021).  Copies of the Note and Mortgage were admissible if they were properly authenticated by extrinsic evidence.  See Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429.

Appellee 1 Oak properly authenticated the copies of the Note and Mortgage submitted with its motion for summary

4

judgment.  Robin **Miller**, counsel for 1 Oak, attested a true and correct copy of the original Note TMLF Hawaii LLLC possessed was attached to the motion for summary judgment.  Miller also attested a certified copy of the Mortgage recorded in the Bureau of Conveyances of the State of Hawaiʻi was attached to the motion.  In addition, Lloyd attested the copy of the Note attached to the motion for summary judgment was a true and correct copy of the original Note FCI sent to counsel.

Christiansen introduced no evidence to suggest the copies of the Note and Mortgage submitted with the motion for summary judgment were not accurate duplicates of the original Note held by counsel and the original Mortgage recorded in the Bureau of Conveyances.

Thus, the copies of the Note and Mortgage were admissible as evidence.

Based on the forgoing, we affirm the circuit court's April 19, 2022 Order and Judgment.

DATED:  Honolulu, Hawaiʻi, May 16, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Charles R. Prather,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge